OPINION JUDGMENT ENTRY
{¶ 1} On April 7, 2003, the Stark County Grand Jury indicted appellant, Timothy Charles Vogt, on one count of rape in violation of R.C. 2907.02, one count of kidnapping in violation of R.C. 2905.01, one count of felonious assault in violation of R.C. 2903.11 and one count of domestic violence in violation of R.C. 2919.25. Said charges arose from an incident involving appellant's girlfriend, Pamela Coons.
 {¶ 2} A jury trial commenced on June 30, 2003. The jury found appellant guilty of felonious assault and domestic violence, and not guilty of rape and kidnapping. By judgment entry filed July 1, 2003, the trial court sentenced appellant to an aggregate term of five years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "Appellant's conviction is based upon insufficient evidence."
 II {¶ 5} "Appellant's conviction is against the manifest weight of the evidence."
 I, II {¶ 6} Appellant claims his convictions were contrary to the sufficiency of the evidence and against the manifest weight of the evidence. We disagree.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 8} Appellant was convicted of felonious assault in violation of R.C. 2903.11(A)(1) which states, "No person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn." Appellant was also convicted of domestic violence in violation of R.C. 2919.25(A) which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 9} Appellant argues there was insufficient evidence of "serious physical harm" regarding the felonious assault conviction. "Serious physical harm to persons" as defined in R.C.2901.01(A)(5) means any of the following in pertinent part:
 {¶ 10} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 11} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 12} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity."
 {¶ 13} The victim, Pamela Coons, testified to a broken eardrum caused by the beating from appellant. T. at 123. At the time of the trial, she could no longer hear from that ear. T. at 134-135. Additional injuries, such as multiple bruises, cuts in mouth, marks on knees and a "pretty big black eye," were corroborated by photographs, State's Exhibits 2-A through 2-L, and medical records from Massillon Community Hospital, State's Exhibit 3. T. at 135-136, 174, 177-179.
 {¶ 14} Although at the hospital Ms. Coons described her pain "at 3 on a 0 to 10 scale" (T. at 177), it was undisputed that she was intoxicated when she made that characterization. T. at 176, 186, 205.
 {¶ 15} Upon review, we find there was sufficient evidence of serious physical harm to substantiate the jury's finding of guilty as to felonious assault.
 {¶ 16} Appellant also argues his convictions were not supported by the evidence. The main thrust of his argument is that Ms. Coons was not a credible witness, her story was not corroborated by other witnesses and she had a motive to lie and cause appellant problems.
 {¶ 17} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 18} Generally speaking, people do not commit assaults before an audience. Ms. Coons testified to a series of beatings commencing on the evening of December 4th through to the following morning, at times, bound with duct tape and held in the basement. T. at 119-125. She admitted to being intoxicated, and that she did blackout from time to time. T. at 118, 124. The bartender at The Village Tavern, Jana Walker, the initial investigating officer, Kenneth Smith, the emergency room nurse, Stephanie Yingling, and the next door neighbor, John Fahrni, all described Ms. Coons as pretty beaten up. T. at 104, 177-179, 196, 237. Therefore, witness testimony corroborated that Ms. Coons was severely beaten.
 {¶ 19} Mr. Fahrni testified Ms. Coons told him she was beaten in a drug deal gone bad. T. at 237. Ms. Coons stated appellant told Mr. Fahrni that story. T. at 130. Diane Strong, a friend of both appellant and Ms. Coons, testified Ms. Coons had stated if "she couldn't have her kids, Tim couldn't have his. And then when she got done, you know, with Tim and getting him in prison, then she was going after his dad." T. at 251.
 {¶ 20} Physical evidence found in the home corroborated parts of Ms. Coon's testimony. Duct tape was found in the basement, and the basement was "dark, dingy, cluttered, dirty." T. at 200, 219. Nurse Yingling observed sticky marks on Ms. Coons consistent with duct tape. T. at 179.
 {¶ 21} In balancing Ms. Coons's testimony with the physical evidence, coupled with the observations of independent witnesses, there was sufficient credible evidence presented to cause the jury to believe Ms. Coons's testimony and to support the guilty verdicts.
 {¶ 22} Assignments of Error I and II are denied.
 {¶ 23} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.