OPINION
{¶ 1} On April 7, 2003, the Stark County Grand Jury indicted appellant, Timothy Vogt, on one count of rape in violation of R.C.2907.02, one count of kidnapping in violation of R.C. 2905.01, one count of felonious assault in violation of R.C. 2903.11 and one count of domestic violence in violation of R.C. 2919.25. Said charges arose from an incident involving appellant's girlfriend, Pamela Coons.
 {¶ 2} A jury trial commenced on June 30, 2003. The jury found appellant guilty of felonious assault and domestic violence, and not guilty of rape and kidnapping. By judgment entry filed July 1, 2003, the trial court sentenced appellant to an aggregate term of five years in prison. Appellant filed an appeal and this court affirmed appellant's conviction and sentence. See, State v. Vogt, Stark App. No. 2003CA00292,2004-Ohio-4207.
 {¶ 3} On May 19, 2006, the trial court conducted a resentencing hearing pursuant to Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126. Although the trial court had advised appellant of his post-release control obligations during the original sentencing hearing, the sentencing entry did not reflect said obligations. By judgment entry filed May 26, 2006, the trial court resentenced appellant to the five year prison term with the requisite post-release control obligations.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 {¶ 5} "THE TRIAL COURT ERRED BY CONDUCTING AN AFTER-THE-FACT RESENTENCING HEARING."
 II {¶ 6} "APPELLANT'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSES OF THE OHIO CONSITITUTION AND UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT IMPOSED A TERM OF POSTRELEASE CONTROL AS A RESULT OF A RESENTENCING HEARING."
 III {¶ 7} "APPELLANT'S DUE PROCESS RIGHTS AS GUARANTEED UNDER THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT IMPOSED A TERM OF POSTRELEASE CONTROL AS A RESULT OF A RESENTENCING HEARING."
 I, II, III {¶ 8} Appellant claims the trial court erred in conducting an after-the-fact resentencing hearing, and his double jeopardy and due process rights were violated. We disagree.
 {¶ 9} In State v. Rich (2007), Stark App. No. 2006CA00171, Assignment of Error I, this court recently reviewed the same issues herein and found they lacked merit. We concur with the analysis of this learned opinion and deny appellant's assignments of error.
 {¶ 10} Although not assigned as error, we note the trial court, in including the requisite post-release control language, stated, "post release control is mandatory in this case up to a maximum of five (5) years," and ordered appellant to serve "any term of post release control imposed by the Parole Board." This language mirrored the language inRich. In Rich, the appellant was convicted of a felony in the second degree, the same as appellant sub judice. The appropriate term of post-release control for a second degree felony is a mandatory three year term. See, R.C. 2967.28(B)(2). After careful analysis, theRich court reversed the sentence in part and remanded the matter to the trial court for a specific post release control term, stating the following in pertinent part:
 {¶ 11} "We recognize the aforecited statutes do not require a trial court to notify the offender of the specific term of his or her post-release control sanction, and that the specific term is established by operation of law. However, the determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary." Rich at ¶ 21.
 {¶ 12} We concur with the well-reasoned analysis in the second assignment of error in Rich and hereby vacate the post-release control section of the sentence and remand the matter to the trial court "to include imposition of the correct specific PRC period pursuant to R.C. 2967.28(B)(2)." Rich at ¶ 21.
 {¶ 13} The post-release control section of the sentence is hereby vacated and the matter is remanded to the Court of Common Pleas of Stark County, Ohio for re-imposition of the post-release control obligations consistent with this opinion.
Farmer, J., Gwin, P.J., and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the post-release control section of the sentence is hereby vacated and the matter is remanded to the Court of Common Pleas of Stark County, Ohio for re-imposition of the post-release control obligations consistent with this opinion.