OPINION
{¶ 1} Defendant-appellant Timothy Charles Vogt appeals his sentence entered pursuant to a remand from this Court for re-sentencing in the Stark County Court of Common Pleas on one count of Aggravated Robbery, a felony of the first degree, and one count of Robbery, a felony of the second degree.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant, Timothy Charles Vogt, was indicted on charges of rape, kidnapping, felonious assault and domestic violence.
 {¶ 4} On July 1, 2003, after a jury trial, he was convicted of felonious assault and domestic violence. He received a prison sentence of five years.
 {¶ 5} Appellant appealed his conviction to this Court which affirmed his sentence and conviction on August 10, 2004. See State v. Vogt, Stark App. No. 2003CA00292, 2004-Ohio-4207.
 {¶ 6} Appellant's appeal to the Ohio Supreme Court failed and such appeal was denied.
 {¶ 7} On May 19, 2006, Appellant's case was returned to the trial court for the purpose of re-advising Appellant of his post-control release obligations and for re-sentencing, the court having vacated the prior sentencing portion of its judgment entry. Appellant again received a five year prison sentence and post-release control for a maximum of five years. Said entry also re-ordered Appellant to pay court costs.
 {¶ 8} Appellant appealed his re-sentence to this Court and such appeal is pending, State v. Vogt, Stark App. No. 2006 CA 00183. *Page 3 
 {¶ 9} On June 7, 2006, court costs of $802.65 were assessed and a statement was sent to the institution where Appellant currently resides.
 {¶ 10} On August 22, 2006, Appellant filed a motion to vacate court costs which was denied by the trial court on August 25, 2006. The trial court, however, stated that Appellant could renew his motion upon release from prison and a showing of indigency after twelve months. See Judgment Entry, Aug. 24, 2006.
 {¶ 11} Appellant now appeals the trial court's judgment entry denying his motion to vacate costs "at this time" and assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 12} "I. ASSESSMENT OF COURT COSTS IS A CIVIL DEBT AND CONSTITUTIONALLY PROHIBITED FROM COLLECTION FROM A PRISONER ONLY EARNING PRISON WAGES.
 {¶ 13} "II. COURT COST GARNISHMENT TO A PRISONER IS ADDITIONAL PUNISHMENT."
 I., II. {¶ 14} In both his first and second assignments of error, Appellant challenges the imposition and collection of court costs.
 {¶ 15} In State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, when considering the issues raised in the instant appeal, the Ohio Supreme Court held:
 {¶ 16} "Having already held that costs may be collected from an indigent defendant in White, we now also hold that (1) when collecting court costs from an indigent criminal defendant, the state may use any collection method that is available to collect a civil money judgment or may use R.C. 5120.133 to collect from a prisoner's *Page 4 
account; (2) a motion by an indigent criminal defendant for waiver of payment of costs must be made at the time of sentencing; (3) the sentencing entry is a final appealable order as to costs; and (4) a court's denial of an indigent criminal defendant's motion for waiver of payment of costs is reviewed under an abuse-of-discretion standard. R.C.2947.23 and 2949.14."
 {¶ 17} Upon review of the record in the case sub judice, we find that Appellant failed to file a notice of appeal from the imposition of court costs within 30 days after the sentencing entry. App.R. 4(A). We therefore find that the instant appeal is untimely and we lack jurisdiction to review Appellant's assigned errors.
 {¶ 18} Accordingly, we hereby dismiss Appellant's appeal.
By: Wise, P. J.
Edwards, J., and
 Delaney, J., concur. *Page 5 
For the reasons set forth in our accompanying Opinion, appellant's appeal is dismissed.
 Costs assessed to appellant. *Page 1