OPINION
{¶ 1} Defendant-appellant Kevin Dye appeals the denial of his motion to vacate court costs by the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 9, 2003, the Richland County Grand Jury indicted appellant on one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B)(3), a felony of the third degree. The indictment contained a felony specification that appellant's operation of the motor vehicle caused a "substantial risk of serious physical harm to persons or property."
 {¶ 3} On April 23, 2003, appellant posted bond in the amount $5,000.00. As a condition of his bond, appellant was placed on electronically monitored house arrest. At his arraignment on May 6, 2003, appellant entered a plea of not guilty to the charge contained in the indictment.
 {¶ 4} Appellant's bond was revoked on April 28, 2004, and appellant was incarcerated until his trial.
 {¶ 5} Thereafter, a jury trial commenced on May 13, 2004. The jury, on May 13, 2004, found appellant guilty of failing to comply with the order or signal of a police officer. The jury further found that the State proved beyond a reasonable doubt that appellant's operation of a motor vehicle had caused a substantial risk of serious physical harm to persons or property. As memorialized in an entry filed on May 18, 2004, the trial court sentenced appellant to four years in prison. The trial court further *Page 3 
ordered that appellant "shall pay any restitution, all costs of prosecution, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18."
 {¶ 6} Appellant appealed his conviction to this Court which affirmed his sentence and conviction on February 4, 2005. See State v. Dye, 5th Dist. No. 2004CA53, 2005-Ohio-489. Appellant did not appeal or raise as an assignment of error in that appeal the imposition of court costs as part of his sentence.
 {¶ 7} On February 1, 2005, appellant filed an application re-opening of his direct appeal, which this court denied on March 31, 2006.
 {¶ 8} On January 4, 2006, appellant filed a motion for jail time credit for the 370 days that he spent on house arrest from April 23, 2003, through April 28, 2004. Pursuant to a Judgment Entry filed on January 10, 2006, the trial court overruled appellant's motion. This Court affirmed the trial court's decision on October 27, 2006. See, SeeState v. Dye, 5th Dist. No. 2006-CA-8, 2006-Ohio-5713.
 {¶ 9} On February 22, 2006, court costs of $1, 932.60 were assessed and a statement was sent to the institution where appellant currently resides. On April 4, 2006 the collection of costs was suspended until appellant's release from incarceration in May, 2008.
 {¶ 10} On November 3, 2006, appellant filed a motion captioned "Motion for Judicial Release per ORC 2929.20 And Issue Nunc Pro Tunc Order Vacating Costs per ORC 2947.23 2949.14." The trial court overruled this motion on November 14, 2006.
 {¶ 11} Appellant now appeals the trial court's judgment entry denying his motion to vacate costs and assigns the following error for review: *Page 4 
 {¶ 12} I. "THE TRIAL COURT PREJUDICIALLY ERRED AND DENIED APPELLANT'S MOTION TO ISSUE A NUNC PRO TUNC ORDER TO VACATE, AS PREVIOUSLY DETERMINED BY THE COURT, COURT AND APPEAL PROSECUTION COSTS IS, `WITHOUT COST, IN VIOLATION AND GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATE [SIC] AND ART. I SEC. X XVI OF THE OHIO CONSTITUTION(S); AND ORC 2947.23 2949.14."
 I. {¶ 13} In his sole assignment of error, appellant challenges the imposition of court costs.
 {¶ 14} In State v. Chaney, 5th Dist. No. 2004-CAC-07057, 2004-Ohio-6712
this Court stated: "[i]n the case of State v. White, 103 Ohio St.3d 580,817 N.E.2d 393, 2004-Ohio-5989, the Ohio Supreme Court found a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence. The Clerk of Courts may attempt to collect the costs from the indigent defendant.
 {¶ 15} Recently the Ohio Supreme Court addressed the issue of assessing court cost against an indigent defendant in a criminal case. In State v. Threatt, 108 Ohio St.3d 277, 843 N.E.2d 164, 2006-Ohio-905, the Court held "[c]osts are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata". Id. at ¶ 23, 843 N.E.2d 164. In the case at *Page 5 
bar, appellant did not move the trial court to waive the imposition of court costs at the time of sentencing. Nor did appellant make this an issue in his direct appeal.
 {¶ 16} Appellant waived his right to appointed counsel in his appeal as of right. This Court granted appellant's motion to proceed in that appeal pro se. State v. Dye, 5th Dist. No. 2004CA53,2005-Ohio-489. [Judgment Entry filed July 19, 2004]. Appellant was provided a transcript at the expense of the State in his direct appeal. Further appellant was not required to pay the fee for filing his appeal as of right. Our decision assessing the de minimis court cost in appellant's appeal is authorized by App.R. 24(A) (2). That decision was filed February 4, 2005. Appellant did not appeal that decision to the Ohio Supreme Court.
 {¶ 17} Upon review of the record in the case sub judice, we find that appellant failed to file a notice of appeal from the imposition of court costs within 30 days after the sentencing entries. App.R. 4(A). We therefore find that the instant appeal is untimely and we lack jurisdiction to review appellant's assigned error. State v. Vogt, 5th Dist. No. 2006-CA-0261, 2007-Ohio-1576. *Page 6 
 {¶ 18} Accordingly, we hereby dismiss appellant's appeal.
 Gwin, P.J., Edwards, J., and Delaney, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, we hereby dismiss appellant's appeal. Costs to appellant. *Page 1