D E C I S I O N
 IN HABEAS CORPUS
{¶ 1} Petitioner, Zachary Shomer, filed this original action requesting that this court issue a writ of habeas corpus on grounds that he is being unlawfully detained. {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court dismiss the action because this court has no jurisdiction over him. (Attached as Appendix A.) No objections to that decision have been filed.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we deny petitioner's motion for default judgment and dismiss this action.Motion for default judgment denied
 and action dismissed.
KLATT, P.J., and McGRATH, J., concur.
 APPENDIX A MAGISTRATE'S DECISION IN HABEAS CORPUSON SUA SPONTE DISMISSAL {¶ 4} Petitioner, Zachary Shomer, has filed this original action requesting that this court issue a writ of habeas corpus on grounds that he is being unlawfully detained.
Findings of Fact:
 {¶ 5} 1. Petitioner is an inmate currently incarcerated at the Chillicothe Correctional Institute. Petitioner is incarcerated pursuant to the March 24, 2006 judgment entry of the Franklin County Court of Common Pleas in case number 05CR-04-2797. In that case, petitioner had been indicted on one count of kidnapping, one count of rape with specification, one count of rape, one count of attempted murder, and one count of felonious assault. Petitioner, represented by counsel, entered a plea of guilty to the stipulated lesser-included offense of count five of the indictment, aggravated assault. Petitioner was found guilty and sentenced to serve 18 months.
 {¶ 6} 2. On April 28, 2006, petitioner filed a pro se notice of appeal in this court and the case was assigned case number 06AP-365.
 {¶ 7} 3. Although petitioner filed an affidavit of indigency, petitioner did not file a request that counsel be appointed.
 {¶ 8} 4. On June 27, 2006, this court issued a journal entry of dismissal based upon petitioner's failure to file a brief within the time required by App.R. 18(C).
 {¶ 9} 5. On July 18, 2006, petitioner filed the instant petition seeking a writ of habeas corpus alleging the following grounds:
 (A) Ground one: The conviction was obtained by plea ofguilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and theconsequences of the plea, in violation of petitioner's fund-amental rights protected under the constitution of the Stateof Ohio and the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.
 (B) Ground two: Denial of effective assistance of counsel. Respondent's court-appointed counsel was not the effective counsel as guaranteed under the Ohio and United States Constitutions and misadvised petitioner[.] * * *
 * * *
 (C) Ground three: Denial of right to appeal. No timely response from the court to the respondent regarding Petitioner's timely request for appeal was received[.] * * * No. 06AP-748 5
 {¶ 10} 6. On August 28, 2006, petitioner filed a motion requesting that this court find respondent, Tim Brunsman, Warden, Chillicothe Correctional Institute, in default for failure to answer or otherwise plead.
 {¶ 11} 7. The matter is currently before the magistrate on the motion for default judgment.
Conclusions of Law
 {¶ 12} For the reasons that follow, it is this magistrate's decision that petitioner's motion for default judgment should be denied and, further, that petitioner's mandamus action should be dismissed.
 {¶ 13} A writ of habeas corpus is warranted in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law. SeeHernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. The purpose of a habeas corpus proceeding is for the court to conduct an inquiry into whether the petitioner is being unlawfully restrained of his liberty at the present time. Ball v. Maxwell, Warden (1965), 1 Ohio St.2d 77. R.C.2725.04 allows for a petitioner to file a writ of habeas corpus seeking relief from unlawful custody or unlawful restraint of liberty. When a writ of habeas corpus is issued, the petitioner is immediately released from custody.
 {¶ 14} In the present case, petitioner contends that his guilty plea was not voluntarily and knowingly made, that he was denied effective assistance of counsel, and that this court impeded his ability to appeal his conviction. Even if petitioner was entitled to some relief, it would not be to the immediate release from confinement. At most, petitioner may be entitled to a trial on the five counts of the indictment, but not to release from confinement.
 {¶ 15} Furthermore, this court does not have habeas corpus jurisdiction over petitioner because he is incarcerated in a county other than Franklin County, Ohio.Pursuant to R.C. 2725.03, if a person restrained of his liberty is an inmate of a state correctional institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. This court can take judicial notice that the Chillicothe Correctional Institute, where petitioner is an inmate, is not located within the territorial jurisdiction of this court. Accordingly, this court must conclude that it does not have territorial jurisdiction over the instant habeas corpus action.
 {¶ 16} Based on the foregoing, petitioner's motion for default judgment is denied and, furthermore, because this court does not have jurisdiction over the within matter, petitioner's action should be sua sponte dismissed.