{¶ 1} Appellant, Timothy Webb, appeals a 2006 journal entry that imposed three years of post-release control pursuant to his original 1997 prison sentence. After review of the arguments, and for the reasons set forth below, we reverse the order and remand the matter to the trial court to vacate the journal entry in question and order appellant's release from post-release control.
 {¶ 2} Appellant was arrested for shooting an individual in the city of Cleveland, and on October 29, 1996, he was indicted on the following charges: felonious assault; attempted murder with firearm specifications; and having a weapon while under disability with firearm specifications.
 {¶ 3} As the result of a plea agreement, on January 17, 1997, appellant pleaded guilty to attempted murder with firearm specifications, a felony of the first degree, and having a weapon under disability, a felony of the fifth degree. The remaining charge was nolled. On February 7, 1997, the trial court sentenced appellant to an aggregate term of ten years in prison. Although a term of post-release control was mandated by statute, the trial court made no mention of post-release control at the time of sentencing.
 {¶ 4} Some time after appellant's original sentence was imposed, the original sentencing judge was succeeded in office by another trial judge. *Page 4 
 {¶ 5} A journal entry was recorded on June 1, 2006, which imposed a mandatory term of post-release control of three years. Appellant appeals that entry, asserting three assignments of error.[1]
 {¶ 6} Appellant challenges the validity of the journal entry that imposed post-release control onto his original prison sentence and asserts various arguments. He first contends that a trial court is barred under the doctrine of res judicata from later imposing a mandatory term of post-release control after the trial court had sentenced him without mentioning post-release control. This argument is without merit.
 {¶ 7} A trial court retains jurisdiction to resentence a defendant who is in the midst of serving an invalid sentence. State v. Beasley (1984),14 Ohio St.3d 74, 14 Ohio B. 511, 471 N.E.2d 774. R.C. 2967.28 mandates that a trial court impose a term of post-release control for the offenses to which appellant pleaded guilty. Failure to do so renders the sentence void. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864. Since the trial court failed to impose post-release control at the time of appellant's sentencing, the sentence was void, and a proper remedy was resentencing. Beasley, supra. Therefore, res judicata does not bar a trial court from correcting an invalid sentence, and appellant's first assignment of error is without merit.
 {¶ 8} Although appellant's initial argument fails, a review of the docket clearly indicates procedural flaws in the June 1, 2006 journal entry. The entry was signed by a judge who was not properly assigned to appellant's case. According to *Page 5 
C.P.Sup.R. 4, the reassignment of any case to another judge must be accompanied by a journal entry executed by the administrative judge stating the justification for transferring the responsibility for the case to another judge. Berger v. Berger (1981), 3 Ohio App.3d 125, 130,443 N.E.2d 137.
 {¶ 9} There is nothing in the record to indicate that the judge who imposed the order was the judge who properly succeeded the originally assigned trial judge. There is also nothing in the record to indicate that the matter was transferred or that there was consent to the order. Thus, although the judge who imposed the June 1, 2006 journal entry may have had jurisdiction to preside over this matter, she had no authority to do so, and the order had no effect. We therefore remand the matter to the trial court to vacate the June 1, 2006 journal entry.
 {¶ 10} While we vacate the trial court's attempt to impose a mandatory term of post-release control, appellant's convictions carried with them mandatory terms of post-release control. Therefore, the question remains as to the proper remedy to correct the error in appellant's original 1997 sentence. This court stated in State v. Robinson, Cuyahoga App. No. 85207, 2005-Ohio-5132 at ?26:
 {¶ 11} "The Supreme Court of Ohio recently addressed the issue of a reviewing court's course of action in an instance where a sentence was contrary to law, and held that `* * * where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant.' State v. Jordan (2004), 104 Ohio St.3d 21, citing State v. Beasley (1984), 14 Ohio St.3d 74." *Page 6 
 {¶ 12} We cannot apply this remedy to the case at bar because appellant has completed his prison term and has been released. InHernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, the Ohio Supreme Court held that a trial court is no longer permitted to resentence a defendant whose original journalized sentence has expired. See, also, State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263. In addition, at oral argument in this matter, the state conceded that, under these specific facts, appellant's case is moot. Since appellant's original sentence has expired and he has been released, he cannot be resentenced, and the matter is concluded.
 {¶ 13} Appellant's remaining assignments of error are rendered moot, pursuant to App.R. 12(A)(1)(c).
 {¶ 14} In accordance with this opinion, the matter is remanded to the trial court to vacate its June 1, 2006 journal entry, and appellant is ordered released from post-release control. It is ordered that appellant recover from appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE *Page 7 
COLLEEN CONWAY COONEY, J., and PATRICIA ANN BLACKMON, J., CONCUR
 APPENDIX
Appellant's assignments of error:
I. The trial court is barred by the doctrine of res judicata from issuing a journal entry [years after the fact] to impose "post release control" [R.C. 2967.28] when, the sentencing court did not advise or apprise appellant that he could or would be placed on post release control at the completion of his term of imprisonment.
II. Judge McCafferty's June 1, 2006 issued journal [in this case] violates appellant's 6th and 14th
Amendments to the United States Constitutions' right to due process of law [a fair tribunal] and violates Cuyahoga County Local Rule 36.
III. Judge Bridgette McCafferty's June 1, 2006 issued journal entry imposing "post release control" [R.C. 2967.28] on the appellant without his presence [Crim.R. 43] violated appellant's U.S. and Ohio's Constitutional rights.
[1] Appellant's assignments of error are included in the Appendix of this Opinion. *Page 1