OPINION *Page 2 
{¶ 1} On October 1, 2004, the Stark County Grand Jury indicted appellant, Darian Cundiff, on one count of failing to provide notice of change of address, having previously been classified as a sexually oriented offender, in violation of R.C. 2950.05. On October 28, 2004, appellant pled guilty as charged. By judgment entry filed January 31, 2005, the trial court sentenced appellant to three years of community control.
 {¶ 2} On February 7, 2005, the trial court revoked appellant's community control. By judgment entry filed February 10, 2005, the trial court sentenced appellant to two years in prison.
 {¶ 3} On June 26, 2006, in light of the Supreme Court of Ohio's decision in Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, which was decided on January 12, 2006, the trial court brought appellant back for resentencing to notify him of his post-release control obligations. See, Judgment Entry filed June 30, 2006.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "A TRIAL COURT IS WITHOUT AUTHORITY TO CONDUCT A RESENTENCING HEARING FOR THE PURPOSE OF IMPOSING A TERM OF POST-RELEASE CONTROL AS PART OF THE DEFENDANT'S SENTENCE. IN CONDUCTING THE RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS." *Page 3 
 I {¶ 6} Appellant claims the trial court erred in resentencing him by including a term of post-release control, thereby violating his rights under the due process, double jeopardy, and ex post facto clauses of the United States and Ohio Constitutions. We disagree.
 {¶ 7} By judgment entry filed February 10, 2005, the trial court sentenced appellant to two years in prison. The entry was silent as to post-release control. By judgment entry filed June 30, 2006, the trial court again sentenced appellant to two years in prison, but included post-release control language.
 {¶ 8} In State v. Rich (2007), Stark App. No. 2006CA00171, Assignment of Error I, this court recently reviewed the same issues herein and found they lacked merit. We concur with the analysis of this learned opinion and deny these assignments of error. See also, State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795.
 {¶ 9} The sole assignment of error is denied. *Page 4 
 {¶ 10} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 By Farmer, P.J. Wise, J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1