{¶ 40} In this appeal, Vazquez presents an intellectually intriguing question that can best be phrased as: "if I am already in prison on an illegal sentence, does that relieve the state of its constitutional mandate to bring me to trial in a speedy time?"
 {¶ 41} The narrow question presented by this appeal is whether Vazquez is to be "credited" with 192 days of incarceration for purposes of calculating his speedy trial rights. The answer is "no."
 {¶ 42} The record is clear that those 192 days that Vazquez served in 2005 for violating postrelease control were illegally imposed. In 2006, the Supreme Court of Ohio struck down all postrelease control sanctions that were not imposed as part of original sentencing entries.[1] That landmark holding, however, was issued after Vazquez had already served the time in question. This court is simply not in a position *Page 13 
to rewrite history. The time was already served, the sentence has concluded, and those infirmities in sentencing simply cannot be corrected at this late date.
 {¶ 43} The problem with Vazquez's argument is that it ignores 200 years of res judicata precedent in this state. He never appealed his sentence of imprisonment at a time when a court of competent jurisdiction could have granted him relief. I refer to this as the "would have, could have, and should have" rule of law.
 {¶ 44} As the trial court properly found:
 {¶ 45} "[T]he Defendant's act of serving the 192 day jail sentence for violation of post release control, his failure to file an appeal, or to file a petition for habeas corpus for release from prison, waives anyobjection he may have had to the post release control sentence. Theoriginal judgment of sentence, filed April 10, 2001, is now res judicataand the Defendant is not entitled to any credit against the pendingcharge." (Emphasis added.)
 {¶ 46} The trial court got it right, and the matter is properly affirmed.
[1] Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, at ¶26-27. *Page 1