OPINION *Page 2 
{¶ 1} Defendant-appellant Denver S. Mayle appeals the April 12, 2006, judgment entry of the trial court in which the court re-sentenced appellant, pursuant to Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, 844 N.E.2d 301, in order to advise him of his post-release control obligations. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND LAW {¶ 2} Appellant was tried and convicted in 1998 on one count of rape in violation of R.C. 2907.02 and one count of domestic violence in violation of R.C. 2919.25 following a jury trial. He was sentenced to an aggregate term of eight (8) years in prison. Appellant's statutorily mandated post-release control obligations were omitted at the sentencing hearing, and were omitted from the judgment entry in which the sentencing hearing was memorialized.
 {¶ 3} On April 11, 2006, approximately six (6) days before appellant was to be released from prison, the trial court conducted a hearing in response to the Ohio Supreme Court's decision in Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. The purpose of the hearing was to advise the appellant of his mandatory post-release control obligations. The trial court advised appellant that he was subject to mandatory post-release control for a period of five (5) years, and journalized same in the April 12, 2006, judgment entry from which appellant appeals. Appellant sets forth one assignment of error.
 {¶ 4} "I. THE TRIAL COURT ERRED BY RESENTENCING MR. MAYLE PURSUANT TO AN `AFTER-THE-FACT HEARING IN VIOLATION OF *Page 3 
HIS RIGHT TO DUE PROCESS AND HIS RIGHT TO BE FREE FROM DOUBLE JEOPARDY AND EX POST FACTO LEGISLATION. U.S. CONST. ART. I, § 10, FIFTH ANDFOURTEENTH AMENDMENTS TO THE U.S. CONST.; R.C. 2953.08"
 {¶ 5} Appellant argues that the trial court erred in conducting an "after-the-fact" re-sentencing hearing, that his due process and double jeopardy rights were violated, and that he was subjected to ex post facto legislation in violation of his constitutional rights. We disagree.
 {¶ 6} This Court recently reviewed the same issues as set forth herein in the case State v. Rich, Stark App. No. 2006 CA 00171, 2007-Ohio-362: "`Here, the trial court was statutorily required to impose a period of post-release control. The original sentencing entry did not include the imposition of post-release control and therefore was void. Because jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting the sentence.'" (Citation omitted.) Id. at ¶ 11.
 {¶ 7} The Rich Court stated further: "However, this [due process and ex post facto] argument is premised on the proposition that appellant's resentencing was unexpected or unforeseeable. As we noted in our recitation of facts above, appellant was recalled by the trial court for resentencing in light of Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, 844 N.E.2d 301. In Hernandez, an action for a writ of habeas corpus, the Ohio Supreme Court held that the Adult Parole Authority lacked authority to impose post-release control on *Page 4 
an offender, whose prison sentence was completed, who had not been advised by the trial court of statutorily required post-release control.Id. at ¶ 28. We find the Court in Hernandez was thus essentially enforcing the plain mandate of R.C. 2929.14(F) and 2967.28, both of which state that the sentencing court, as opposed to the adult parole authority, impose on a felony offender a term of post-release control. . . . We are unpersuaded that the trial court's resentencing of appellant in this matter, stemming from the announcement ofHernandez, came as a result of an "unforeseeable enlargement" of Ohio's sentencing statutes, such that a due process or ex post facto violation would be cognizable." (Citations omitted.) Rich at ¶¶ 15-16.
 {¶ 8} For the reasons set forth in Rich, supra, we overrule appellant's assignment of error. See, also, State v. Vogt, Stark App. No. 2006 CA 00183, 2007-Ohio-488, State v. Broyles, Stark App. No. 2006 CA 00170, 2007-Ohio-487, and State v. Roberson, Stark App. No. 2006 CA 00155, 2007-Ohio-643.
 {¶ 9} Appellant further argues that because the State did not appeal the trial court's failure to advise appellant of his mandatory post-release control obligations in the original sentencing entry, that the doctrines of res judicata and collateral estoppel bar relief through a re-sentencing hearing. We disagree. As set forth in Broyles, supra, "In State ex rel Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, the Ohio Supreme Court discussed two exceptions to the general rule a trial court lacks authority to reconsider its own valid final judgments in criminal cases. The Cruzado court explained a trial court is authorized to correct a void sentence. Additionally, a trial court can correct clerical errors in *Page 5 
judgment. We find the trial court's action in the case sub judice corrected a void sentence." Id. at ¶ 11.
 {¶ 10} We concur with the analysis set forth in Broyles, and find that appellant's sentence was void. The trial court was therefore authorized to correct the sentence to include the appropriate, mandatory post-release control term.
 {¶ 11} Appellant's sole assignment of error is overruled, and the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J., Hoffman, P.J. and Farmer, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1