OPINION
{¶ 1} Defendant-appellant Dustin Dixon appeals the May 10, 2006, judgment entry of the trial court in which the court re-sentenced appellant, pursuant to Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, 844 N.E.2d 301, in order to advise him of his post-release control obligations. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASES AND FACTS {¶ 2} On November 27, 2001, appellant pleaded guilty in Case No. 01-CR-0031, to one count of aggravated assault in violation of R.C.2903.12 (A) (1), a felony of the fourth degree. On January 3, 2002, the trial court sentenced appellant to six months in prison. The trial court did not include post-release control as part of appellant's sentence.
 {¶ 3} On March 1, 2002, appellant pleaded guilty in Case No. 02-CR-0013, to one count of burglary in violation of R.C. 2911.12 (A) (2), a felony of the second degree, one count of vandalism in violation of R.C. 2909.05 (A), a felony of the fifth degree, and one count of assault on a peace officer in violation of R.C. 2903.13 (A), a felony of the fourth degree. The trial court sentenced appellant to four years in prison for the burglary offense, to be served consecutively to one year in prison for the assault offense. The court ordered the resulting five year sentence to be served consecutively to appellant's sentence in Case No. 01-CR-0031. The trial court also sentenced appellant to one year for the vandalism offense, and ordered that sentence to be served concurrently with appellant's other sentences. The trial court did not include post-release control as part of appellant's sentence. *Page 3 
 {¶ 4} On May 10, 2006, the trial court conducted a hearing in response to the Ohio Supreme Court's decision in Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. The purpose of the hearing was to advise the appellant of his mandatory post-release control obligations. At that hearing, the trial court purported to "re-sentence" appellant to the same sentences that he had previously received, and to include post release control — which had not been included when appellant was originally sentenced — as part of each of appellant's sentences. The court issued journal entries on May 10, 2006. Appellant filed timely notices of appeal in each case on June 9, 2006. The cases were consolidated by order of this Court on August 22, 2006.
 {¶ 5} Appellant raises the following assignment of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT'S "AFTER-THE-FACT" RESENTENCING VIOLATED MR. DIXON'S RIGHT TO DUE PROCESS, AS WELL AS HIS RIGHT TO BE FREE FROM DOUBLE JEOPARDY AND EX POST FACTO LEGISLATION. ARTICLE I, SECTION 10, UNITED STATES CONSTITUTION; FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; R.C. 2953.08".
 I. {¶ 7} Appellant argues that the trial court erred in conducting an "after-the-fact" re-sentencing hearing, that his due process and double jeopardy rights were violated, and that he was subjected to ex post facto legislation in violation of his constitutional rights. We disagree, in part.
 {¶ 8} On January 3, 2002 in Case No. 01-CR-0031 the trial court sentenced appellant to a definite term of imprisonment of six (6) months. Appellant began serving his sentence in that case in a state penal institution on January 14, 2002. On January *Page 4 
22, 2002 the Ohio Department of Rehabilitation and Correction [ODRC] notified the trial court that appellant was entitled to one hundred one (101) days of jail time credit in the case. The ODRC further advised the trial court that appellant's release date in Case No. 01-CR-0031 would be April 4, 2002. On March 1, 2002 the trial court sentenced appellant in Case No. 02-CR-0013. The trial court ordered the sentence in that case to run consecutive to the sentence in Case No. 01-CR-0031. In other words, appellant would not begin serving his sentence in Case No. 02-CR-0013 until the sentence in Case No. 01-CR-0031 had expired on April 4, 2002. Appellant was not orally advised at the sentencing hearing in either case concerning post-release control; nor did the sentencing entries in either case contain the condition.
 {¶ 9} In Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126,844 N.E.2d 301 the Ohio Supreme Court examined whether an inmate could be placed upon post-release control when he was not accurately advised of this condition at the time of sentencing and when the sentencing journal entry did not contain this condition. In circumstances where the judgment entry did not contain the statutory post-release control requirement, the Ohio Supreme Court ruled that post-release control could not be imposed by the Adult Parole Authority. See Hernandez, 108 Ohio St.3d at ¶ 32. The Court in Hernandez ruled that post-release control could not be imposed, even after a re-sentencing hearing: "[t]he trial court in Hernandez's case committed error because it did not notify him at his sentencing hearing that he would be subject to mandatory post release control and did not incorporate post release control into its sentencing entry." Id. at ¶ 16. *Page 5 
 {¶ 10} "In Adkins[v., 110 Ohio St.3d 1454, 2006-Ohio-4275,852 N.E.2d 749], the sentencing entry did not contain any reference to post release control, and we, in effect, held that the trial court lacked jurisdiction to issue a nunc pro tunc entry adding post release control to the sentence after Adkins's original sentence had expired".Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082 at ¶ 48,857 N.E.2d 78.
 {¶ 11} Appellant's sentence in Case No. 01-CR-0031 expired well-before the trial court's re-sentencing hearing which occurred nearly four and one half (4 1/2) years after the original six month sentence was imposed. Accordingly, the trial court was without jurisdiction to re-sentence appellant in Case No. 01-CR-0031. Hernandez; Adkins;Watkins, supra.
 {¶ 12} On the authority contained in Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, the trial court's re-sentencing entry of May 10, 2006 is vacated with respect to Case No. 01-CR-0031. We now turn our attention to Case No. 02-CR-0013 and will address appellant's assignment of error with respect to that case.
 {¶ 13} We begin by noting that in July and August 2006, the Ohio General Assembly added "savings clauses" to Sections 2929.14(F),2929.19(B)(3)(c) and (e), and 2967.28(B). R.C. 2929.19 and 2929.191 now authorize a trial court to correct a sentencing order that omitted a notice regarding post release control.
 {¶ 14} R.C. 2929.19(B)(3) which governs the trial court's duties to notify a defendant regarding post release control at the sentencing hearing provides, in pertinent part, as follows:
 {¶ 15} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being *Page 6 
sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person. If a court imposes a sentence including a prison term of a type described in division (B)(3)(c) of this section on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(3)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B) (3) (c) of this section and failed to notify the offender pursuant to division (B) (3) (c) of this section regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence a statement regarding post-release control.
 {¶ 16} "(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B) (3) (d) of this section and failed to notify the offender pursuant to division (B) (3) (d) of this section regarding post-release control or to include in the judgment of *Page 7 
conviction entered on the journal or in the sentence a statement regarding post-release control.
 {¶ 17} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(3)(e) of this section that the parole board may impose a prison term as described in division (B)(3)(e) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(3)(e) of this section regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control".
 {¶ 18} In the case at bar, appellant's sentences were for felonies of the second, fourth and fifth degrees. *Page 8 
 {¶ 19} R.C. 2929.191 provides, in pertinent part, as follows:
 {¶ 20} "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
 {¶ 21} "If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(d) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(2) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in *Page 9 
the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison".
 {¶ 22} R.C. 2929.191(B) (2) provides that a correcting judgment entry shall be labeled a "nunc pro tunc" judgment entry and that such entry shall have the following effect:
 {¶ 23} "The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender pursuant to division (B)(3)(e) of section 2929.19
of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control."
 {¶ 24} Division (C) of R.C. 2929.191 requires the trial court to conduct a hearing relative to the correction of the original sentencing order and to give notice of the "date, time, place, and purpose" of the hearing. The offender may be present in person or by means of video conferencing".
 {¶ 25} In the case at bar, the trial court conducted such a hearing on May 10, 2006. Appellant was present and represented by appointed counsel. The re-sentencing entry contains the appropriate notification. The re-sentencing with respect to Case No. 02-CR-0013 took place before the expiration of appellant's five year prison term imposed in that case.
 {¶ 26} Trial court's are now statutorily authorized to correct sentencing entries to include omitted post-release control notifications. "Thus, the above statutory enactments *Page 10 
supersede the decision in Hernandez v. Kelly. After July 11, 2006, a trial court may now re-sentence an offender prior to the expiration of his original stated prison term in order to notify him regarding post release control". State v. Leonard, 11th Dist. No. 2006-A-0064,2007-Ohio-1545 at ¶ 18. (Footnotes omitted).
 {¶ 27} We note appellant was re-sentenced prior to the effective date of the above statutory enactments. However, this Court has previously concluded that a trial court may re-sentence an offender prior to the expiration of his original stated prison term in order to notify him regarding post release control.
 {¶ 28} This Court recently reviewed the same issues as set forth herein in the case State v. Rich, Stark App. No. 2006 CA 00171,2007-Ohio-362: "`[h]ere, the trial court was statutorily required to impose a period of post-release control. The original sentencing entry did not include the imposition of post-release control and therefore was void. Because jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting the sentence.' "(Citation omitted.)Id. at ¶ 11. For the reasons set forth in Rich, supra, we overrule appellant's assignment of error. See, also, State v. Mayle, 5th Dist. No. 2006CA128, 2007-Ohio-2816; State v. Vogt, Stark App. No. 2006 CA 00183, 2007-Ohio-488, State v. Broyles, Stark App. No. 2006 CA 00170, 2007-Ohio487, and State v. Roberson, Stark App. No. 2006 CA 00155,2007-Ohio-643.
 {¶ 29} Appellant further argues that because the State did not appeal the trial court's failure to advise appellant of his mandatory post-release control obligations in the original sentencing entry, that the doctrines of res judicata and collateral estoppel bar relief through a re-sentencing hearing. We disagree. As set forth in State v.Broyles, *Page 11 
Stark App. No. 2006 CA 00170, 2007-Ohio487, "[i]n State ex rel Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, the Ohio Supreme Court discussed two exceptions to the general rule a trial court lacks authority to reconsider its own valid final judgments in criminal cases. The Cruzado court explained a trial court is authorized to correct a void sentence. Additionally, a trial court can correct clerical errors in judgment. We find the trial court's action in the case sub judice corrected a void sentence." Id. at ¶ 11.
 {¶ 30} We concur with the analysis set forth in Broyles, and find that appellant's sentences were void. The trial court was therefore authorized to correct the sentence to include the appropriate post-release control term. State v. Mayle, supra.
 {¶ 31} Appellant's sole assignment of error is sustained in part and overruled in part.
 {¶ 32} On the authority contained in Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, the trial court's re-sentencing entry of May 10, 2006 is vacated with respect to Case No. 01-CR-0031. The trial court's re-sentencing entry of May 10, 2006 is affirmed with respect to Case No. 02-CR-0013. *Page 12 
 {¶ 33} For the foregoing reasons, the judgment of the Perry County Court of Common Pleas, Ohio, is affirmed in part and vacated in part.
By Gwin, P.J., Wise, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas, Ohio, is affirmed in part and vacated in part. Costs to be divided equally between the parties.
HON. W. SCOTT GWIN
HON. JOHN W. WISE
 HON. PATRICIA A. DELANEY *Page 1