OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the Marion County Court of Common Pleas' decision to vacate defendant-appellee Michael K. Keese, Jr.'s mandatory five-year term of post-release control. Keese did not file a brief in opposition. Because Keese was adequately apprised at the contemporaneous change-of-plea/sentencing hearing that he would be subject to post-release control, the sentencing court incorporated proper notice in its sentencing entry, and the trial court lacked authority and/or jurisdiction to vacate Keese's mandatory post-release control, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.
 {¶ 2} This case began approximately 11 years ago. On August 16, 1996, the Marion County Grand Jury indicted Keese for one count of rape in violation of R.C. 2907.02(A)(2), a first-degree felony.[1] Keese pled not guilty to the rape count.
 {¶ 3} On September 24, 1996, the trial court held a change-of-plea hearing. The trial court advised Keese at the hearing that if he pled guilty to rape he would be subject to a mandatory prison term and a period of "post-release control similar to what we now call parole." Additionally, the state advised Keese *Page 3 
that if he pled guilty to rape he would be subject to "a five-year mandatory post-release control period."
 {¶ 4} Thereafter, Keese changed his plea and pled guilty. The trial court accepted Keese's guilty plea, and Keese signed a written guilty plea that provided in pertinent part: "I * * * understand that in addition [to a mandatory prison term], a period of control or supervision by the Adult Parole Authority after release from prison is MANDATORY in this case. The control period may be a maximum term of FIVE years."
 {¶ 5} A few moments later, the trial court sentenced Keese to a three-year prison term. Keese was ordered to serve the term consecutively to his prison sentence in a different case, Case No. 94-CR-0155. Although the trial court did not specifically re-address post-release control, it did incorporate the following language in its October 3, 1996 sentencing entry: "It is further ORDERED that following [Keese's] release from prison, a period of post-release control pursuant to R.C. 2967.28 will, at the discretion of the Parole Board, be imposed upon [Keese]. Post-release control may be for a maximum period of five (5) years." Significantly, Keese did not file a direct appeal.
 {¶ 6} On May 23, 2006, Keese filed a pro se motion with the trial court. In his motion, Keese asked the trial court to vacate his mandatory five-year term *Page 4 
of post-release control. In support, Keese argued that he was not adequately informed at his hearing that he would be subject to post-release control.
 {¶ 7} On July 6, 2006, the trial court issued a judgment entry. The trial court found in its entry that "the predecessor judge of this Court, at the sentencing hearing, did not fully and adequately explain the terms of postrelease control to [Keese] at the time of sentencing." Consequently, the trial court ordered a new sentencing hearing.
 {¶ 8} A few days later, the state moved the trial court to rescind its order. On July 27, 2006, the trial court issued a second judgment entry. The trial court found that a particular statute, R.C. 2929.191, provided jurisdiction to hold a new sentencing hearing. Therefore, the trial court denied the state's motion.
 {¶ 9} On July 31, 2006, the trial court held the new sentencing hearing. There was apparently some confusion at the hearing about the procedural posture of this case. To clarify matters, Keese stated that he had completed his respective prison terms; that he was released from prison on January 28, 2004; that the parole authority had placed him on post-release control; that he had violated the terms of his post-release control; and that the parole authority held him for the violation. The record reflects that the trial court independently verified these facts with the Ohio Parole Board. *Page 5 
 {¶ 10} On August 7, 2006, the trial court issued a third judgment entry. The trial court found for a second time that the sentencing judge "did not fully and adequately explain the terms of Post Release [sic] Control * * *." The trial court also found the fact that Keese had completed his prison term in this case prohibited re-sentencing. The trial court relied on Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, 844 N.E.2d 301, and vacated Keese's mandatory post-release control.
 {¶ 11} The state now appeals to this court and sets forth three assignments of error for our review. Previously, this court granted the state leave to appeal as of right under R.C. 2953.08(B)(3). For purposes of clarity, we combine the state's three assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred by eliminating post-release control from the defendant's sentence when a mandatory five year period of post-release control is required following a conviction for rape.
 ASSIGNMENT OF ERROR NO. II The trial court erred by allowing the defendant a new sentencing hearing nearly ten years after the defendant had been convicted and sentenced and when the defendant had never appealed the sentence set forth in the original journal entry.
 ASSIGNMENT OF ERROR NO. III The trial court erred when it rescinded the defendant's sentence of post-release control after conducting a hearing pursuant to R.C. 2929.191 which was for the sole purpose of advising the *Page 6 defendant that he would be placed on post-release [sic] upon completion of his sentence.
 {¶ 12} In its first, second, and third assignments of error, the state claims that the trial court erred when it vacated Keese's mandatory five-year term of post-release control. To support its claim, the state argues the trial court lacked jurisdiction to vacate Keese's mandatory post-release control; the trial court acted outside of the scope of R.C.2929.191; and the decision the trial court relied on, Hernandez v.Kelly, does not apply to the particular facts of this case.
 {¶ 13} The rape offense carried a mandatory prison term and a mandatory five-year term of post-release control. R.C. 2929.13(F)(2);2967.28(B)(1). Because the rape offense carried a mandatory prison term, R.C. 2929.19(B)(3)(c) required the sentencing court to notify Keese that he would be subject to post-release control.
 {¶ 14} In this regard, the Ohio Supreme Court has held that a sentencing court "is required to notify [an] offender at [the offender's] sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, at ¶ 17. The court has also held that, if a sentencing court does not notify an offender about post-release control at the offender's sentencing hearing, the proper remedy is to vacate the offender's sentence and remand the matter for re-sentencing. Id. at ¶ 27. *Page 7 
 {¶ 15} As a threshold matter, we must determine whether Keese was informed at his change-of-plea/sentencing hearing that he would be subject to post-release control. The trial court found that he was not. For the reasons that follow, we disagree.
 {¶ 16} This case involves a contemporaneous change-of-plea/sentencing hearing. The sentencing court told Keese during the change-of-plea portion of the hearing that if he pled guilty to rape he would be subject to a period of "post-release control similar to what we now call parole." The state also told Keese that if he pled guilty to rape he would be subject to "a five-year mandatory post-release control period," and Keese signed a written plea evincing that he understood "a period of control or supervision by the Adult Parole Authority after release from prison [was] MANDATORY * * *." The trial court sentenced Keese a few moments later.
 {¶ 17} After reviewing the record, we find Keese was adequately apprised at the contemporaneous change-of-plea/sentencing hearing that he would be subject to post-release control. And, as set forth above, the sentencing court incorporated proper notice in its sentencing entry that Keese would be subject to post-release control. Thus, the parole authority had the administrative authority to place Keese on post-release control and hold him for a violation. *Page 8 
 {¶ 18} Furthermore, we agree with the state that the trial court lacked authority and/or jurisdiction to vacate Keese's mandatory post-release control. Keese did not file a direct appeal in this case. Moreover, we have found no statute, case law, or other authority that permitted the trial court to proceed in the manner that it did under the particular facts of this case.[2]
 {¶ 19} In its second judgment entry, the trial court relied on R.C.2929.191(A)(1) and (C), which became effective July 11, 2006. Am. Sub. H.B. No. 137. R.C. 2929.191(A)(1) provides, in pertinent part, as follows:
 [A]t any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
 {¶ 20} R.C. 2929.191(C) also provides, in pertinent part, as follows:
 On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in * * * (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction. *Page 9 
 {¶ 21} Because Keese was adequately apprised at the contemporaneous change-of-plea/sentencing hearing that he would be subject to post-release control, and Keese completed his prison term, we fail to see how R.C. 2929.191 applies. Even if we assume that it does, however, nothing in the statute granted the sentencing court authority and/or jurisdiction to vacate Keese's mandatory post-release control. Instead, the statute enables a sentencing court to hold a hearing and "prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison."
 {¶ 22} In its third judgment entry, the trial court relied onHernandez v. Kelly. The record reflects the trial court did so after it learned at the new sentencing hearing that Keese had completed his prison term. But, we find the case is distinguishable and therefore inapplicable.
 {¶ 23} In Hernandez, the sentencing court did not notify the offender at the offender's sentencing hearing that he would be subject to a mandatory five-year term of post-release control. Nor did the sentencing court incorporate notice about post-release control in its sentencing entry. When the offender completed his prison term, the parole authority placed the offender on post-release control, and the parole authority incarcerated the offender for a violation. The offender petitioned the Ohio Supreme Court for a writ of habeas corpus, and the court *Page 10 
granted the writ. Hernandez, 2006-Ohio-126, at ¶¶ 30-32. In doing so, the court refused to permit re-sentencing because the offender had already completed his prison term. Id.
 {¶ 24} This case presents a far different situation. Here, Keese was adequately apprised at the contemporaneous change-of-plea/sentencing hearing that he would be subject to post-release control. And, unlike the sentencing court in Hernandez, the sentencing court in this case incorporated proper notice in its sentencing entry that Keese would be subject to post-release control. Thus, the parole authority had the administrative authority to place Keese on post-release control and hold him for a violation.
 {¶ 25} In sum, we conclude the trial court erred when it vacated Keese's mandatory five-year term of post-release control. Keese was adequately apprised at the contemporaneous change-of-plea/sentencing hearing that he would be subject to post-release control; the sentencing court incorporated proper notice in its sentencing entry; and the trial court lacked authority and/or jurisdiction to vacate Keese's mandatory post-release control. Accordingly, we sustain the state's first, second, and third assignments of error. *Page 11 
 {¶ 26} Having found error prejudicial to the state in the particulars assigned and argued, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 SHAW and WILLAMOWSKI, JJ., concur. r
[1] Although the indictment contained additional counts, the rape count is the only count at issue in this appeal.
[2] On July 11, 2007, the Ohio Supreme Court decided State v.Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. We believe the court's decision in Bezak is distinguishable and therefore inapplicable here because it, like Jordan, involved a situation where the sentencing court did not adequately notify an offender about post-release control at the offender's sentencing hearing. *Page 1