OPINION
{¶ 1} Defendant-appellant, Dale Borders, was indicted by the Franklin County Grand Jury on one count of escape in violation of R.C. 2921.34, a third-degree felony. On June 28, 2004, appellant pled guilty. The entry of guilty plea signed by appellant indicates that he understood he could be sentenced to a maximum prison term of five years, fined up to $10,000, and that the court could impose up to three years of post-release control ("PRC"). The trial court also informed appellant orally of his sentence *Page 2 
and that he would be subject to up to three years of PRC upon his release from incarceration.
 {¶ 2} Following a presentence investigation, appellant appeared in court for sentencing on August 10, 2004. The trial court again informed appellant that he could be sentenced to serve a prison term of one to five years, fined up to $10,000, and subject to up to three years of PRC. Following a discussion with appellant, the trial court sentenced him to a period of three years of community control. Appellant was also informed that, if community control was revoked, the court would impose a two-year sentence of incarceration.
 {¶ 3} On January 10, 2005, the trial court revoked appellant's community control sanctions following positive drug screens in August 2004, failure to verify his employment, and a failure to report. At that time, the trial court sentenced appellant to serve two years at the Ohio Department of Rehabilitation and Correction. At this hearing, the trial court did not re-inform appellant that he would be subject to a period of PRC following incarceration and failed to include a period of PRC in the entry.
 {¶ 4} On October 26, 2006, the Franklin County Prosecutor's office, on behalf of appellee, State of Ohio, filed a motion requesting that the trial court resentence appellant. Appellee asserted that the trial court had failed to incorporate the period of PRC in the entry sentencing appellant, in spite of the fact that R.C. 2929.14(F) and 2967.28(C) required that a period of PRC must be included in the sentence. The trial court granted appellee's motion and appellant appeared in court on December 7, 2006. At that time, the trial court informed appellant that he would be subject to a period of *Page 3 
PRC following his release from incarceration and incorporated the requirement of PRC in the court's resentencing entry filed December 8, 2006.
 {¶ 5} On appeal, appellant sets forth the following assignments of error:
 ASSIGNMENT OF ERROR I: THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO MODIFY AND INCREASE THE SENTENCE IMPOSED BY THE TRIAL COURT OR RE-SENTENCE MR. BORDERS ABSENT SPECIFIC STATUTORY AUTHORITY AND THEREFORE ANY ATTEMPT TO DO SO WAS PROCEDURALLY IMPROPER.
 ASSIGNMENT OF ERROR II: THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO MODIFY AND INCREASE THE SENTENCE IMPOSED BY THE TRIAL CURT OR RE-SENTENCE MR. BORDERS BECAUSE THE TRIAL COURT SENTENCE WAS NOT AN ATTEMPT TO DISREGARD STATUTORY REQUIREMENTS NOR WAS THERE CLERICAL ERROR.
 ASSIGNMENT OF ERROR III: MR. BORDERS WAS DENIED HIS CONSTITUTIONAL RIGHT TO NOT BE PLACED IN JEOPARDY TWICE WHEN HIS SENTENCE WAS MODIFIED AND INCREASED AFTER HE HAD COMMENCED SERVING THE ORIGINAL SENTENCE.
 ASSIGNMENT OF ERROR IV: MR. BORDERS WAS DENIED HIS CONSTITUTIONAL RIGHT TO SUBSTANTIVE DUE PROCESS WHEN THE TRIAL COURT MODIFIED AND INCREASED HIS SENTENCE.
 {¶ 6} Appellant's assignments of error are interrelated and will be addressed together. Appellant argues: (1) that the trial court lacked the authority to modify his sentence in the absence of specific statutory authority to do so; (2) the trial court's original sentence was not an intentional deviation from the statutory requirements; and (3) the act of resentencing him subjected him to double jeopardy and denied him due process. For the reasons that follow, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed. *Page 4 
 {¶ 7} The Ohio Revised Code sets out the sentences which trial courts are required to impose in various circumstances. R.C. 2929.14 provides, in relevant part, as follows:
 (A) * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 * * *
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 * * *
 (F) * * * If a court imposes a prison term of a type described in division (C) of that section [2967.28], it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division. * * *
 {¶ 8} R.C. 2967.28(C) provides:
 Any sentence to a prison term for a felony of the third, fourth, or fifth degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment * * *.
 {¶ 9} Appellant pled guilty to one count of escape, a third-degree felony. Pursuant to the above-cited statutes, the trial court was required to sentence appellant to a prison term of one to five years and was further required to impose a period of up to three years of PRC.
 {¶ 10} Crimes are defined by statute, as are the penalties for those crimes. The only sentence that a trial court may impose is that sentence provided for by statute. "A court has no power to substitute a different sentence for that provided for by statute or *Page 5 
one that is either greater or lesser than that provided for by law."Colegrove v. Burns (1964), 175 Ohio St. 437, 438.
 {¶ 11} Recently, in State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph two of the syllabus, the Supreme Court of Ohio held as follows:
 When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing.
 {¶ 12} In Jordan, the trial court had failed to notify the defendant that he would be subject to a period of PRC upon release, but did incorporate a period of PRC in the entry imposing sentence. The court addressed the statutes at issue in this case and stated, at ¶ 21, as follows:
 The plain language of R.C. 2929.14(F) and 2967.28
evinces the intent of the General Assembly not only to make all incarcerated felons subject to mandatory or discretionary postrelease control but also to require all sentencing trial courts in this state to include postrelease control as part of the sentence for every incarcerated offender. As we have observed in the past, postrelease control furthers the goal of successfully reintegrating offenders into society after their release from prison. State v. Martello, 97 Ohio St.3d 398, 2002-Ohio-6661 * * *, at ¶ 16, quoting Woods v. Telb [(2000)], 89 Ohio St.3d [504,] at 512 * * *
 {¶ 13} In Jordan, the court also stated that, "[b]ecause a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law." Id. at ¶ 23. Further, "if an appellate court determines that a sentence is clearly and convincingly contrary to law, it may remand for resentencing." Id. *Page 6 
 {¶ 14} In the present case, it is clear that the trial court failed to comply with the statutory requirements when sentencing appellant. Specifically, the trial court failed to incorporate a period of PRC into the sentence. Appellant argues that the trial court did not have authority to correct his sentence and that resentencing him violated his constitutional rights by placing him in jeopardy twice and in denying him due process. For the reasons that follow, this court disagrees and affirms the trial court's judgment.
 {¶ 15} Recently, the Supreme Court of Ohio decided State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795. In that case, the trial court had orally notified the defendant that he would be subject to a period of PRC, but failed to incorporate a period of PRC in the entry. Approximately three years later, the trial court held a resentencing hearing to inform the defendant that he would be subject to a mandatory three-year period of PRC. Prior to the hearing, the defendant had filed an action seeking a writ of prohibition. The Supreme Court denied the writ and addressed several of the issues appellant raises herein. While acknowledging that, as a general rule, trial courts lack authority to reconsider their own final judgments in criminal cases, the court noted that this general rule is subject to two exceptions under which the trial court retains jurisdiction. First, a trial court is authorized to correct a statutorily incorrect sentence.State v. Beasley (1984), 14 Ohio St.3d 74. Second, a trial court can correct clerical errors in judgments. See Crim.R. 36.
 {¶ 16} In Cruzado, the trial court's error fell within the first exception. The court cited its decisions in Beasley and Jordan, and stated that a trial court's failure to comply with the mandatory provisions of the statutes at issue requires that the sentence be vacated and the matter remanded to the trial court for resentencing. Because *Page 7 
Cruzado's sentence had not yet expired when the trial court resentenced him, the court found his case distinguishable from Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. In Hernandez, the trial court had failed to notify the defendant at his sentencing hearing that he would be subject to mandatory PRC and did not incorporate PRC into its sentencing entry. When Hernandez completed his sentence and was released from prison, the Ohio Adult Parole Authority ("OAPA") placed him on a period of five years of PRC. A short time later, the OAPA conducted a hearing and determined that Hernandez had violated several conditions of his PRC and imposed a prison sentence of 160 days, with continued supervision upon release.
 {¶ 17} Hernandez filed an action for a writ of habeas corpus to compel his release from prison and from any further PRC. The court granted the writ, finding that the OAPA was not authorized to place Hernandez on PRC and sanction him for violating the terms of that control in the absence of appropriate notification of PRC by the trial court and the incorporation of same in its sentencing entry.
 {¶ 18} In Cruzado, the court had noted further that, following its decision in Hernandez:
 * * * [T]he General Assembly amended R.C. 2967.28
to provide that when a trial court imposes a sentence that should include a mandatory term of postrelease control after the July 11, 2006 effective date of the amendment, "the failure of a sentencing court to notify the offender * * * of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division." R.C. 2967.28(B). See Am. Sub. H.B. No. 137. For those cases in which an offender was sentenced before the July 11, 2006 amendment and was not notified of mandatory postrelease control or in which there was not a statement regarding *Page 8 
postrelease control in the court's journal or sentence, R.C. 2929.191 authorizes the sentencing court — before the offender is released from prison — to "prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28
of the Revised Code after the offender leaves prison." * * *
 {¶ 19} The present case is similar to State v. Bush (Nov. 30, 1999), Franklin App. No. 99AP-4, decided by this court. In Bush, the trial court imposed a statutorily incorrect sentence. After Bush had begun serving his sentence, officials at the Correctional Reception Center notified the trial court that a sentencing error had occurred. The trial court conducted a resentencing hearing at which Bush and his counsel were both present. The trial court resentenced Bush according to the statute. Thereafter, Bush appealed and argued that his due process and double jeopardy rights were violated when he was resentenced. In rejecting Bush's arguments, and affirming the trial court's action, this court cited Beasley wherein the Supreme Court of Ohio held that the trial court's correction of a statutorily incorrect sentence did not violate one's right to be free from double jeopardy.
 {¶ 20} Not only does appellant object to being resentenced, but he also objects to the manner in which his sentence was corrected. Appellant contends the only way his sentence could have been corrected was either by the timely filing by the state of a motion in the trial court or by appeal to this court.
 {¶ 21} The methods advanced by appellant represent the ideal. However, as the above statutes and case law indicate, because the sentence imposed was statutorily incorrect, the trial court had jurisdiction to resentence appellant any time before he was *Page 9 
released from incarceration. As such, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
SADLER, P.J., and TYACK, J., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1