[Cite as *State v. Smith*, 2022-Ohio-832.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellant,          :

                                 No. 110926

    v.                            :

JOSEPH ALVIN SMITH III,                  :

    Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657196-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, Robert B. McCaleb, Assistant Public Defender, *for appellee.*

LISA B. FORBES, J.:

{¶ 1} The state of Ohio ("the state") appeals Joseph Alvin Smith III's ("Smith") sentence, alleging the trial court erred in imposing a specific term of

postrelease control that is inconsistent with R.C. 2967.28(B)(4). Smith submitted a "Notice of Conceded Error," agreeing with the state. After reviewing the facts of the case and pertinent law, we vacate the imposition of postrelease control and remand for resentencing consistent with R.C. 2967.28.

## I.    Facts and Procedural History

{¶ 2}    In open court, Smith entered a plea of guilty to attempted felonious assault, a felony of the third degree, in violation of R.C. 2923.02 and 2903.11(A)(1). The trial court sentenced Smith to 18 months in prison and advised him that he "will be subject to post-release control for three years upon release." The prosecutor stated as follows: "it's my understanding the statute that relates to post-release control has changed effective late last week, September 30th. * * * I think they have a more definite period, so it's a minimum and maximum term." In response, the court stated, "I will specify three years. If the Department of Rehabilitation and Corrections [sic] takes issue with that, I will cross that bridge when I come to it."

{¶ 3}    In its sentencing entry, the court stated, "18 months post release control." However, the court went on, "the defendant will/may be subject to a period of post-release control of: a mandatory minimum of 18 months, up to a maximum of 3 years." It is from this entry that the state appeals.

## II.   Law and Analysis

{¶ 4}    The Ohio Supreme Court held "pursuant to R.C. 2967.28(B) * * *, a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence." *Woods v. Telb*, 89 Ohio

St.3d 504, 513, 733 N.E.2d 1103 (2000). Further, the trial court must inform the offender of the proper amount of postrealease control and whether it is mandatory or discretionary. When the trial court incorrectly informs the offender of postrelease control pursuant to R.C. 2967.28, the imposition of postrelease control must be vacated and remanded for resentencing. *See State v. Wright*, 2021-Ohio-3818, 180 N.E.3d 32, ¶ 26 (8th Dist.) (vacating the imposition of postrelease control and remanding to the trial court for resentencing when the trial court imposed mandatory rather than discretionary postrelease control).

{¶ 5} Pursuant to R.C. 2967.28(B)(4), criminal defendants are subject to "up to three years, but not less than one year" of postrelease control for a felony of the third degree that is an offense of violence and not a felony sex offense. Further, the parole board is the body that manages postrelease control after an offender is released from prison. *Id.* Smith pled guilty to attempted felonious assault, a felony of the third degree, which is an "offense of violence" under R.C. 2901.01(A)(9)(d) and is not a felony sex offense. Therefore, Smith's sentence should have included that, upon his release from prison, he will be subject to postrelease control for up to three years, but not less than one year.

{¶ 6} At the sentencing hearing, the trial court informed Smith that he will be subject to postrelease control upon his release from prison. However, a review of the record reveals that the court made inconsistent statements in open court — sentencing Smith to three years of postrelease control — and in its sentencing entry

— imposing 18 months to three years of postrelease control — neither of which comports with R.C. 2967.28(B)(4). The state's assignment of error is sustained.

**{¶ 7}** Accordingly, we vacate the trial court's imposition of postrelease control and remand this case for resentencing in accordance with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, A.J., CONCURS (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, A.J., CONCURRING:

**{¶ 8}** I fully concur with the majority opinion. Because we must remand this case for the proper imposition of postrelease control, I find it necessary to discuss the trial court's statutory responsibility for imposing postrelease control as part of a felony sentence in view of the amendment to R.C. 2967.28, effective September 30, 2021.

**{¶ 9}** As applicable in this case, R.C. 2967.28(B), as amended by 2021 Ohio H.B. 110, Section 101.01, provides in relevant part:

> (B) Each sentence to a prison term, other than a term of life imprisonment, for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * This division applies with respect to all prison terms of a type described in this division, including a non-life felony indefinite prison term. * * * Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of postrelease control required by this division for an offender shall be of one of the following periods:
>
> * * *
>
> (4) For a felony of the third degree that is an offense of violence and is not a felony sex offense, up to three years, but not less than one year.

(Emphasis added.)

**{¶ 10}** Importantly, pursuant to R.C. 2967.28(B), the trial court must include the required period of postrelease control in the offender's sentence. "R.C. 2967.28(B) requires that prison sentences for certain felonies include a mandatory term of postrelease control to be imposed by the parole board after the offender is released from imprisonment." *State v. Bates*, Slip Opinion No. 2022-Ohio-475, ¶ 10. "R.C. 2967.28(B) and (C) identify the length of the term of postrelease-control supervision for each degree of felony." *Bates* at ¶ 10.

**{¶ 11}** As recently explained in *Bates*:

> At its core, postrelease control is a sanction; it is an additional term of supervision after an offender's release from prison that imposes certain restrictions on the offender and, if violated, it allows the [Adult Parole Authority ("APA")] to impose conditions and consequences, including

prison time, upon the offender. *See* R.C. 2967.01(N). Postrelease control is "aimed at behavior modification in the attempt to reintegrate the offender safely into the community." *Woods v. Telb*, 89 Ohio St.3d 504, 512, 733 N.E.2d 1103 (2000); *see also State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 16. In essence, postrelease control is a continued restraint on an offender's liberty after he or she serves the initial prison sentence. *See Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 52; *see also Hernandez v. Kelly*, 108 Ohio St. 3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 31, *superseded by statute as stated in State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.

*Bates* at ¶ 21.

{¶ 12} Additionally, when imposing postrelease control, a trial court is required to provide advisements at the sentencing hearing and also must incorporate those advisements into the sentencing entry. As elaborated upon in *Bates*:

> It is established that "a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *overruled on other grounds*, [*State v. Harper*], 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. The trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control. *See* [*State v. Grimes*], 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 11. Among other consequences, an offender's violation of a postrelease-control sanction or condition may result in the APA imposing a prison term on the offender. R.C. 2967.28(F)(3). However, the maximum cumulative prison term for all violations under R.C. 2967.28(F)(3) "shall not exceed one-half" of the stated prison term originally imposed. *Id.*
>
> In *Grimes*, we explained that once the court orally provides all the required advisements at the sentencing hearing, it must then incorporate those advisements into the sentencing entry. *Id.* at ¶ 8, citing *Jordan* at ¶ 17. Thus, we held that to validly impose postrelease control when the court provides all the required advisements at the sentencing hearing, the sentencing entry must include:

(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

[*Grimes*] at ¶ 1.

*Bates* at ¶ 11-12.

{¶ 13} Accordingly, upon remand in this case, the trial court is required to include postrelease control as part of Smith's sentence for the statutorily required period of "up to three years, but not less than one year" pursuant to R.C. 2967.28(B)(4), and the court must provide the required advisements and incorporate those advisements into the sentencing entry.