JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, David Cousin, appeals his conviction and sentence issued in the Court of Common Pleas, Criminal Division. Upon our review of the arguments of the parties and the record presented, we reverse the judgment of the trial court for the reasons set forth below and remand for resentencing.
 {¶ 2} The record reflects that Cousin was indicted in five separate cases on charges of receiving stolen property, aggravated robbery, kidnaping and drug trafficking, all with firearm specifications, in the following case numbers: 427640, 427434, 423053, 429103, 423702. All of the offenses in question took place on April 22, 2002. As part of a plea arrangement, Cousin pleaded guilty to the following: attempted robbery in case numbers 427434, 423702 and 423053, receiving stolen property in case number 427640, and drug possession in case number 429103. All remaining counts, as well as all firearm specifications, were dismissed.
 {¶ 3} Appellant presents eight assignments of error for our consideration.[1] Because Assignments of Error VI and VIII are dispositive of this matter, we will address them first.
 {¶ 4} Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, citingCincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C.2953.08(F)(1)-(4).
 {¶ 5} R.C. 2929.19(B)(3) sets forth in pertinent part:
 {¶ 6} "(3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 {¶ 7} "(a) Impose a stated prison term;
 {¶ 8} "(b) Notify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term;
 {¶ 9} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
 {¶ 10} "(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section;
 {¶ 11} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 [2967.13.1] of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."
 {¶ 12} A review of the sentencing hearing transcript reflects that the lower court did not notify the appellant of the possibility of post-release control, as reflected in the lower court's sentencing journal entry. In fact, the court's findings on the record during sentencing are woefully inadequate and provide us with very little evidence that the court considered any of the requisite factors found in the applicable statutes. The Ohio Supreme Court recently held, "pursuant to R.C.2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence." Woods v. Telb (2000), 89 Ohio St.3d 504, 513. The trial court is obligated to notify defendants of post-release control and the possibility of sanctions, including prison, available for violation of such controls. See State v. Newman (Jan. 31, 2002), Cuyahoga App. No. 80034. The reference to any extensions provided by law in the sentencing journal is insufficient to qualify as notification to an offender of post-release control as required by Woods. See Ohio v. Dunaway (Sept. 13, 2001), Cuyahoga App. No. 78007.
 {¶ 13} This court addressed the issue in several recent cases. InState v. Bryant (May 2, 2002), Cuyahoga App. No. 79841, this court "considered this argument both before and since the Woods decision, and [has] consistently held that the absence of verbal notice at the sentencing hearing runs afoul of the post-release control notice requirements, and results in prejudicial error." Bryant at 17. More recently, the court has been divided on whether failure to address post-release control at the sentencing hearing abrogates that portion of the sentence or merely requires the case to be remanded for a new sentencing hearing. In State v. Smith (June 19, 2003), Cuyahoga App. 81344, the court held:
 {¶ 14} "This writer follows decisions of the Eighth District that hold the trial court's notification duty with regard to post-release control is simply a ministerial one which is mandated by law. State v.Rashad (Nov. 8, 2001), Cuyahoga App. No. 79051; State v. Shine (Apr. 29, 1999), Cuyahoga App. No. 74053. This does not render that portion of the sentence to be a nullity; rather, lacking discretion in the matter, the trial court simply is required to hold a new sentencing hearing in order for it to correct its failure to notify a defendant who is subject to post-release control provisions. Woods v. Telb, 89 Ohio St.3d 504,2000-Ohio-171; State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136."Smith at ¶ 7.
 {¶ 15} This issue is currently being considered by the Supreme Court in State v. Jordan (Sep. 5, 2002), Cuyahoga App. No. 80675 andState v. Johnson (Sep. 5, 2002), Cuyahoga App. No. 80459,98 Ohio St.3d 1460. State v. Finger (Jan. 29, 2003), Cuyahoga App. No. 80691, was also appealed to the Supreme Court and is being held for the decision in the Jordan and Johnson cases. 98 Ohio St.3d 1535.
 {¶ 16} We are inclined to follow the holding in State v. Smith; therefore, we find that Assignment of Error VI has merit. Not only did the trial court fail to mention post-release control during the plea hearing or sentencing phase, but it failed to comply with R.C. 2929.19(B) with respect to maximum sentences. When the trial court imposes the maximum prison term, it shall state on the record the reasons for imposing the maximum sentence. R.C. 2929.19(B). To impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121; State v. Beasley (June 11, 1998), Cuyahoga App. No. 72853. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. See Id., State v. Assad (June 11, 1998), Cuyahoga App. Nos. 72648, 72649; State v. Boss (Sep. 15, 1997), Clermont App. No. CA 96-12-107; State v. Fincher (Oct. 14,1997), Franklin App. No. 97 APA03-352.
 {¶ 17} While, R.C. 2929.12 grants trial courts the discretion to "determine the most effective way to comply with the purposes and principles of sentencing set forth in section R.C. 2929.11 of the Revised Code," it does not absolve the court from complying with the terms of R.C. 2929.19 altogether.
 {¶ 18} We therefore find that the trial court abused its discretion in failing to comply with the applicable sentencing guidelines, and appellant's assignments of error VI and VIII are well taken. Pursuant to App.R. 12(A)(1)(c), appellant's remaining assignments of error are moot. Because the appellant's plea was taken in compliance with Crim.R. 11 and remains in effect, the case is hereby reversed and remanded for resentencing.
Judgment reversed and remanded.
ANN DYKE, J., CONCURS.
 PATRICIA A. BLACKMON, P.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATECONCURRING OPINION).
[1] Appellant's eight assignments of error are included in appendix A of this Opinion.