OPINION
{¶ 1} Defendant-appellant Charles E. Plummer, III, appeals his conviction entered by the Richland County Court of Common Pleas on one count of escape, in violation of R.C. 2921.34(A)(1), a felony of the second degree, following the trial court's accepting appellant's guilty plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On April 25, 2000, appellant was convicted of one count of aiding and abetting burglary, in violation of R.C.2911.12(A)(1), a felony of the second degree. The trial court sentenced appellant to a period of incarceration of three years. On April 2, 2003, appellant completed his period of incarceration and was released from prison. The Ohio Adult Parole Authority placed appellant on post-release control for a period of three years. At the time appellant was placed on post-release control, he signed a notice indicating if he absconded from supervision he could be charged with escape.
 {¶ 3} On December 2, 2005, the Richland County Grand Jury indicted appellant on the aforementioned escape charge. The escape charge was based upon appellant's failure to report to his post-release supervising officer between July and August, 2005. Upon the advice of his attorney, appellant appeared before the trial court and entered a plea of guilty to the charge. The trial court sentenced appellant to a two year term of incarceration.
 {¶ 4} It is from this conviction appellant appeals, raising as his sole assignment of error:
 {¶ 5} "I. DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL PROVIDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION, AS WELL AS THE DUE PROCESS PROTECTION UNDER THEFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND IN ARTICLE 1
SECTION 16 OF THE OHIO CONSTITUTION."
 I {¶ 6} Herein, appellant raises an ineffective assistance of counsel claim. Appellant sets forth two grounds upon which he seeks relief. First, appellant maintains counsel was ineffective for having him plea guilty to the escape charge when the post-release control upon which the charge was based was void ab initio. Additionally, appellant contends trial counsel was ineffective for failing to file a motion to dismiss the escape charge under the same rationale.
 {¶ 7} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 8} Appellant's assignment of error is predicated upon the fact the trial court in its sentencing entry on the aiding and abetting charge failed to include notification regarding the amount of time appellant would be placed on post-release control following his release from prison.
 {¶ 9} In Hernandez v. Kelly (2006), 108 Ohio App. St.3d 395, the Ohio Supreme Court held the Ohio Adult Parole Authority could not impose post-release control unless the trial court notified the offender at sentencing he would be subject to such control and incorporated that notice into a journal entry imposing sentence.
 {¶ 10} Appellee State of Ohio concedes the trial court did not properly notify appellant regarding post-release control. As such, the State agrees appellant's post-release control sentence was invalid and appellant could not be found guilty of escape. The State further acknowledges appellant's conviction should be vacated.
 {¶ 11} Appellant's sole assignment of error is sustained.
 {¶ 12} The conviction entered by the Richland County Court of Common Pleas is reversed.
Hoffman, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's conviction in the Richland County Court of Common Pleas is reversed. Costs assessed to appellee.
[1] A Statement of the Facts is not necessary for our disposition of this appeal.