{¶ 1} This appeal is brought on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion.Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158. In keeping with this concept, we hold that under Hernandez v. Kelley,108 Ohio St.3d 396, 2006-Ohio-126 and State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, the trial court's judgment overruling appellant's petition for postconviction relief must be reversed.
 {¶ 2} The facts show that in November 2000, appellant entered pleas of guilty to first, second, and third degree felony charges in two criminal cases in the Cuyahoga County Court of Common Pleas. He was convicted and sentenced by the trial court in both cases to a total of four years in prison. He served his four-year sentence and was released to the Ohio Adult Parole Authority for imposition of postrelease control.
 {¶ 3} Appellant was then indicted in March 2005 and charged with one count of escape in violation of R.C. 2921.34 for violating the terms of his postrelease control, specifically failing to report. He entered a plea of guilty, was convicted and on November 16, 2005, was sentenced to a two-year term of incarceration with postrelease control as provided in R.C. 2967.28. Appellant did not appeal this conviction or sentence. *Page 4 
 {¶ 4} Appellant timely petitioned the trial court for postconviction relief from the November 2005 conviction on the grounds that, due to defects in the 2000 sentencing journal entries, in December 2004 he was not legally under postrelease control and therefore could not be prosecuted for escape. Appellant attached copies of the sentencing entries to his petition.
 {¶ 5} The trial court overruled appellant's petition finding that it presented only a claim of factual error in the indictment and not a claim of constitutional infirmity. The court also found that appellant's claims were barred on the basis of res judicata.
 {¶ 6} On appeal, appellant argues that res judicata does not apply because the sentencing entries evidencing that he was not properly sentenced to postrelease control were not a part of the trial record in his escape case. He reasserts the argument that his conviction for escape must be vacated because it is a sanction for a violation of the terms of postrelease control and he was never lawfully placed on postrelease control.
 {¶ 7} The record does not include a transcript of the original sentencing hearing in November 2000, therefore we are unable to determine whether appellant was informed at the hearing that he would be subject to mandatory postrelease control after serving his sentence. The record includes only the journal entries reflecting the imposition of sentence. Those entries fail to mention postrelease control and state only that, "THE SENTENCE INCLUDES ANY EXTENSIONS *Page 5 
PROVIDED BY LAW." This court has previously held that the inclusion of this particular language in the sentencing journal is insufficient to qualify as notification to an offender of the imposition of postrelease control. State v. Cousin, Cuyahoga App. No. 82147, 2003-Ohio-6346.
 {¶ 8} In State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, the Ohio Supreme Court held that "when sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." Id. at paragraph one of the syllabus. The court stated that a sentence imposed without such notice is contrary to law. Id. at 4|23.
 {¶ 9} In Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, the Ohio Supreme Court held the Ohio Adult Parole Authority could not impose postrelease control unless the trial court notified the offender at sentencing he would be subject to such control and incorporated that notice into a journal entry imposing sentence.[1] *Page 6 
 {¶ 10} Most recently, in State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, the Ohio Supreme Court again addressed the issue of failure to inform offenders about postrelease control and held:
 {¶ 11} "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void." Bezak, supra, at syllabus. It stated: "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." Id. at ¶ 13.
 {¶ 12} The supreme court found that the defendant's sentence was void for failing to give the required notice of postrelease control. The court stated that in such a case, the trial court had to hold a new sentencing hearing and impose a new sentence upon the defendant. However, because Bezak had already served the prison term ordered by the trial court, he was not subject to resentencing in order to impose postrelease control.
 {¶ 13} Appellant's argument that he was not subject to postrelease control and therefore could not be held for a violation of the terms of such control has merit. Based upon the holdings in Jordan,Hernandez, and Bezak, the November 2000 sentencing judgment entry is void and appellant was never lawfully sentenced to postrelease control. Therefore, appellant could not be convicted of, or sentenced for, escape. See State v. Lindsay, Logan App. No. 8-06-24, 2007-Ohio-4490;State *Page 7 v. Plummer, Richland App. No. 06-CA-51, 2006-Ohio-5222. Res judicata applies only to a valid, final judgment. Appellant's escape conviction is not valid because it was premised on a void sentence, therefore res judicata does not act to bar appellant's claim. The trial court erred in denying appellant's petition for postconviction relief.
 {¶ 14} The judgment is reversed. The escape conviction is vacated and appellant is discharged.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., CONCURS
COLLEEN CONWAY COONEY, J., CONCURS WITH SEPARATE OPINION
[1] We note that although we previously stated in Parker v. Ohio AdultParole Auth., Cuyahoga App. No. 89693, 2007-Ohio-3262 thatHernandez has been superceded by statute, that statute is not applicable under the facts of this case. R.C. 2929.191 authorizes the court to correct a judgment entry to add the postrelease control provisions to the stated prison sentence that it had failed to include in the original entry. The statute provides that a correction may be made "at any time before the offender is released from imprisonment." Appellant had already completed his stated prison sentence and been released from prison. We note also that merely correcting a judgment entry to add the postrelease control provision to a stated prison sentence has been deemed insufficient by the Supreme Court of Ohio. State v. Bezak,114 Ohio St.3d 94, 2007-Ohio-3250.