{¶ 15} I concur in the judgment to reverse. I write separately to stress that postconviction relief in the instant case is an exceptional remedy to address a unique situation where Talley failed to appeal his original conviction, pled guilty to escape, and again failed to appeal the second conviction. If he had filed a delayed appeal in this court in April 2006 instead of a petition for postconviction relief, I would hope the prosecutor would have conceded the sentencing error as did the prosecutor in State v. Plummer, Richland App. No. 06-CA-51,2006-Ohio-5222, and he might have been released in a timely fashion.
 {¶ 16} Moreover, Talley's trial counsel should have investigated the appropriateness of Talley's guilty plea in 2005 by reviewing the sentencing entry from 2000 which purported to impose postrelease control. The Ohio Supreme Court had decided both Woods v. Telb (2000),89 Ohio St.3d 504, 733 N.E.2d 1103, and State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, by that time, and counsel should have been aware of the necessity of including postrelease control language in the sentencing entry. *Page 1