[Cite as *Artiaga v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-4856.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS ARTIAGA, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2010-10254

Judge Clark B. Weaver Sr.

<u>DECISION</u>

{¶1} On June 9, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On June 22, 2011, plaintiffs filed a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County,* 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶4}** Plaintiff[1] asserts that pursuant to *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, his post-release control from January 15, 2007, until September 2, 2009, was invalid. Plaintiff alleges false imprisonment and negligence; plaintiffs Susan Artiaga, Nikki Artiaga, and Cody Artiaga, allege loss of consortium.[2] Defendant argues that it is not liable inasmuch as plaintiff's incarceration and subsequent post-release control were pursuant to facially valid sentencing orders of both the Lucas and Ottawa County Courts of Common Pleas.

**{¶5}** False imprisonment occurs when a person confines another "'intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71, quoting 1 Harper & James, The Law of Torts (1956), 226, Section 3.7. See also *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109.

**{¶6}** In order to prevail on his claim of false imprisonment, plaintiff must show that: 1) his lawful term of confinement expired; 2) defendant intentionally confined him after the expiration; and 3) defendant had knowledge that the privilege initially justifying the confinement no longer existed. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

**{¶7}** However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett,* supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

**{¶8}** Plaintiff argues that his sentencing entries from both the Lucas and Ottawa County Courts of Common Pleas were rendered void by the subsequent holding in *Hernandez v. Kelly,* supra.

**{¶9}** In *Hernandez,* the Supreme Court of Ohio held that the Adult Patrol Authority could not subject an offender to post-release control unless the trial court both notified the offender at sentencing that he would be subject to such control and

---

[1] Plaintiff shall be used to refer to Thomas Artiaga herein.

[2] On June 27, 2011, defendant filed a motion to dismiss plaintiff Nikki Artiaga's claims for failure to comply with the court's May 25, 2011 order. On July 5, 2011, defendant filed a motion to dismiss Cody Artiaga's claims for failure to comply with the court's May 25, 2011 and June 20, 2011 orders. Upon review, the motions shall be granted.

incorporated that notice into the sentencing entry. *Hernandez,* supra. "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void." *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, ¶16. "'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.'" Id. at ¶12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267-268. The Tenth District Court of Appeals has consistently rejected the argument that an inmate who was confined pursuant to a judgment that was later determined to be "void ab initio" is automatically entitled to recovery for false imprisonment. *Fryerson v. Dept. of Rehab. & Corr.,* Franklin App. No. 02AP-1216, 2003-Ohio-2730; *Roberson v. Dept. of Rehab. & Corr.,* Franklin App. No. 03AP-538, 2003-Ohio-6473. Facial invalidity does not require the consideration of extrinsic information or the application of case law. *Gonzales v. Ohio Dept. of Rehab. & Corr.,* Franklin App. No. 08AP-567, 2009-Ohio-246, ¶10.

{¶10} In support of its motion, defendant filed certified copies of entries from the Lucas County Court of Common Pleas and the Ottawa County Court of Common Pleas. Plaintiff was sentenced to five years of community control by the Lucas County Court of Common Pleas on February 13, 1998, in Case No. G-4801-CR-0199702770. On July 6, 2001, plaintiff pled guilty in the Ottawa County Court of Common Pleas to three counts in Case No. 00-CR-121, and he was sentenced to serve a term of 18 months in defendant's custody. On July 25, 2001, plaintiff was sentenced to five years in prison for a second violation of his community control in Case No. G-4801-CR-0199702770, which was to be served consecutively with his sentence from the Ottawa County Court of Common Pleas.

{¶11} Although plaintiff asserts that defendant had a duty to determine the validity of the sentencing entries in light of the holding in *Hernandez,* the proper remedy when confronted with a sentencing entry that does not meet the requirements set forth in *Hernandez* is to petition the trial court for a revised sentencing entry. See *State v. Talley,* Cuyahoga App. No. 89328, 2007-Ohio-5853, ¶11 (holding that an inmate may petition the trial court for

post-conviction relief on the ground that he was not legally under post-release control due to defects in the sentencing entries.)  Plaintiff did not file an affidavit to dispute defendant's evidence.

{¶12}  Upon review of the sentencing entries that defendant relied upon to subject plaintiff to post-release control, the court does not perceive any error which would draw into question the validity of the orders.  The court finds that defendant confined plaintiff and placed him under post-release control pursuant to a valid court order at all times relevant.  Thus, defendant cannot be liable for false imprisonment.  Further, the derivative claim for loss of consortium also must fail.  See *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 93.

{¶13}  Based upon the foregoing, the court finds that defendant is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS ARTIAGA, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2010-10254

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

{¶14} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Defendant's motions to dismiss plaintiffs Nikki Artiaga and Cody Artiaga are GRANTED. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Amy S. Brown
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Cody Artiaga
Nikki Artiaga
Susan Artiaga
Thomas Artiaga
604 ½ Raymer Boulevard
Toledo, Ohio 43605

JSO/dms
Filed August 15, 2011
To S.C. reporter September 22, 2011